UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| MITTAL STEEL USA, INC., ISG BURNS HARBOR LLC, ISG INDIANA HARBOR INC., and ISG RIVERDALE INC. | ) ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | CAUSE NO.  2:06-CV-299 RM |
| PRAXAIR, INC. | ) ) ) | |
| Defendant | ) | |

OPINION AND ORDER

Plaintiffs, Mittal Steel USA, ISG Burns Harbor, ISG Indiana Harbor and ISG Riverdale, have sued their supplier of industrial gases, Praxair, for antitrust violations under Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, and Section 3 of the Clayton Act, 15 U.S.C. § 14. Mittal Steel and ISG allege that Praxair's exclusionary and anti-competitive practices have completely foreclosed competition in the relevant market thereby depriving Mittal Steel, ISG and other consumers of a meaningful price competition and supplier choice for the delivery of oxygen, nitrogen and hydrogen that would otherwise exist in an open and competitive market. The plaintiffs also seek a declaratory judgment stating that the pricing and volume terms contained in the preliminary letter dated May 6, 2003, between ISG and Praxair do not govern Praxair's supply of industrial gases to the ISG facilities. Finally, the plaintiffs seek restitution of money they have allegedly overpaid Praxair for industrial gases and for the relocation of an oxygen pipeline at Riverdale.

Praxair asks the court to dismiss the plaintiffs' antitrust claims for failure to state a claim under FED. R. CIV. P. 12(b)(6). Since the plaintiffs' antitrust claims provide the only basis for federal jurisdiction, Praxair further asks the court to dismiss the remaining claims for lack of jurisdiction under FED. R. CIV. P. 12(b)(1). Alternately, Praxair asks the court to dismiss the plaintiffs' remaining claims for failure to state a claim under FED. R. CIV. P. 12(b)(6). For the reasons set forth below, the court denies Praxair's motion to dismiss.

The plaintiffs ask the court for leave to file surreply and to strike exhibits A through G of Praxair's reply brief. Since the court denies Praxair's motion to dismiss, the court denies this motion as moot.

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint, not its underlying merits, see Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990), and the court must accept all factual allegations in the complaint as true and draw all reasonable inferences from those facts in the plaintiff's favor. Slaney v. Int'l Amateur Athletic Fed'n., 244 F.3d 580, 597 (7th Cir. 2001). Dismissal under Fed. R. Civ. P. 12(b)(6) is proper only if it appears beyond doubt that the plaintiff can prove no set of facts entitling him to relief. Szumny v. American Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001).

Praxair moves to dismiss Mittal Steel and ISG's antitrust claims on several grounds. First, Praxair disputes the geographic market—the area in Indiana and Illinois serviced by Praxair's pipelines—chosen by the plaintiffs, positing instead that the relevant market area should be at least the entire nation if not the entire

2

globe. Second, Praxair contends that it doesn't have exclusive market power. Third, Praxair disputes that it has engaged in any predatory or anticompetitive practices.

To prove monopoly under Section 2 of the Sherman Act a party must show: "(1) the possession of monopoly power in the relevant market and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident." United States v. Grinnell Corp., 384 U.S. 563, 570-571 (1966). To demonstrate attempted monopolization a plaintiff must prove: "(1) that the defendant has engaged in predatory or anticompetitive conduct with (2) a specific intent to monopolize and (3) a dangerous probability of achieving monopoly power." Spectrum Sports, Inc. v. McQuillan, 506 U.S. 447, 456 (1993).

In their complaint, the plaintiffs contend that the appropriate market is the portion of northwest Indiana and eastern Illinois proximate to Praxair's Calumet Pipeline, since consumers of industrial gases located in the market must obtain their gases via that pipeline or an onsite gas separation facility. The relevant market for an antitrust suit has both product and geographic dimensions. State of Illinois ex. rel. Hartigan v. Panhandle Eastern Pipe Line Co., 730 F. Supp. 826, 899 (C.D. Ill. 1990). "Within these geographic and product dimensions, the market inquiry seeks to identify an 'area of effective competition' within which the defendant operates and within which the competitive effects of its challenged conduct will be felt." Hartigan v. Panhandle Eastern Pipe Line Co., 730 F. Supp.

3

826, 899 (C.D. Ill. 1990). In <u>Panhandle</u>, that court found that the relevant market consisted of the Panhandle pipeline system. The pipelines in question also served as the relevant market in <u>Northern Natural Gas Co. v. Federal Power Commission</u>, 399 F.2d 953 (C.A. D.C. 1968). It appears, at this point, that the plaintiffs' proposed relevant market is reasonable.

The plaintiffs also contend that Praxair holds monopoly power in the area since the only other option available to consumers is an onsite facility that is often cost prohibitive and can take up to three years to construct. The onsite facility, therefore, does not constitute a viable option. Moreover, the plaintiffs allege that there are no competing pipelines or onsite facilities presently capable of supplying oxygen, nitrogen and hydrogen in this geographic market even though other markets for industrial gases in the country have meaningful competition. Praxair's market share is critical in determining whether a monopoly exists: "the existence of such power ordinarily may be inferred from the predominant share of the market." <u>United States v. Grinnell Corp.</u>, 384 U.S. 563, 571 (1966). Since the complaint alleges that Praxair holds a substantial, if not total, share of the market, the plaintiffs have pleaded enough facts to satisfy this prong of the test.

Lastly, the plaintiffs allege that the lack of competition is not accidental, but is a direct result of Praxair's abuse of its monopoly power to exclude competitors from the relevant market and each submarket (the individual plants serviced by the pipeline). Exclusionary conduct is "behavior that not only (1) tends to impair the opportunities of rivals, but also (2) either does not further competition on the

4

merits or does so in an unnecessarily restrictive way." Aspen Skiing Co. v. Aspen Highlands Skiing Corp., 472 U.S. 585, 605 (1985). Praxair's alleged monopolistic practices include the use of exclusive long-term requirements contracts and price protection clauses which, according to the plaintiffs, require a consumer, after its contract's expiration, to continue to use Praxair instead of a competitor if Praxair matches that competitor's offer. Whether these practices of Praxair constitute anticompetitive or exclusionary conduct is a factual question not suitable for a motion to dismiss. "In a § 2 case, only a thorough analysis of each fact situation will reveal whether the monopolist's conduct is unreasonably anti-competitive and thus unlawful." Byars v. Bluff City News Co., Inc., 609 F.2d 843, 860 (6th Cir. 1979). Therefore, the plaintiffs' claims under the Sherman Act survive the motion to dismiss.

Praxair also asks the court to dismiss the plaintiffs' claim under Section 3 of the Clayton Act. To state such a claim, the plaintiffs must show that the defendant entered into unlawful exclusive dealing agreements that substantially lessened competition. Republic Tobacco Co. v. North Atlantic Trading Co., Inc., 381 F.3d 717, 736 (7th Cir. 2004). Praxair contends that its price protection clause undercuts the plaintiffs' claim that it has entered into exclusive dealing agreements. According to the Praxair, the price protection clause invites the plaintiffs to seek out new suppliers and obtain lower prices. Praxair also says the plaintiffs don't have antitrust standing since they created their injuries by buying companies out of bankruptcy and trying to make them immediately operable.

5

The plaintiffs respond by pointing to the 15-year contracts between Praxair and their customers, contending that these long-term contracts dissuade competitors from entering the market since they would have to wait for their potential customers' existing contracts to expire before attempting to woo them away from Praxair. The plaintiffs also contend that the price protection clauses don't allow customers to break an existing contract if a better offer arises. Instead, Praxair can force a customer into a successive contract if it can meet any competitor's terms.

The plaintiffs further claim that buyers like themselves are the preferred plaintiffs to bring an antitrust suit. "Because protecting consumers from monopoly pricing is the central concern of antitrust, buyers have usually been preferred plaintiffs in private antitrust litigation." Serfecz v. Jewel Food Stores, 67 F.3d 591, 599 (7th Cir. 1995). That the plaintiffs are buyers who also required the product immediately does not abrogate that standing. Given the length of the contracts and the plaintiffs' standing as buyers of industrial gases supplied by Praxair, the plaintiffs have stated a claim under Section 3 of the Clayton Act.

Having found that the plaintiffs have stated a claim under both the Sherman Act and the Clayton Act, the court may exercise supplemental jurisdiction over plaintiffs' related state claims, so Praxair's motion to dismiss those claims under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction is denied. Praxair alternatively argues that even if the court has jurisdiction, it should dismiss plaintiffs' state law claims under Fed. R. Civ. P. 12(b)(6).

In their remaining claims, the plaintiffs seek a declaratory judgment stating that the pricing terms of the May 6 letter are not in effect since the parties failed to sign a final contract within the 60-day negotiation period following the signing of the letter. Since no contract existed, the plaintiffs further bring a claim for restitution and unjust enrichment to recover the amounts overpaid to Praxair.

Praxair argues that this is essentially a contract dispute unsuitable for declaratory judgment and, thus, equitable relief. In support of this contention, defendant cites two Missouri district court cases. Those cases, though, involved alleged breaches of contracts without ongoing damages. Since the plaintiffs continue to pay Praxair under the terms of the May 6 letter, which according to plaintiffs is more than they should have to pay, an ongoing loss is alleged. It cannot be said that the plaintiffs have failed to state a claim.

The court DENIES the motion to dismiss [ Doc. No. 29] and DENIES the motion for leave to file a surreply and to strike exhibits A-G of defendant's reply brief.

SO ORDERED.

Dated:   December 5, 2006

　　　　　　　　　　　　　　　　　　　　／s／ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　United States District Court